KERN J. CONWAY, APPELLANT, *v.* W. S. EDWARDS *et al.*,
RESPONDENTS.

SALE—EVIDENCE OF CONTINUED CHANGE OF POSSESSION. In an action against an officer to recover personal property seized by him on execution against a third person, from whom plaintiff claimed to have purchased and received possession of it previous to the seizure, and in which the question of continued change of possession became involved: *Held,* that it was competent for the plaintiff to show his acts of ownership after the sale, and that any exclusion of such testimony was error.

STATUTE OF FRAUDS—PROOF OF SALE. To show a continued change of possession, such as is necessary to support a sale of personal property under the Statute of Frauds, nothing generally can have a more direct tendency than the control and management of the property, or acts of ownership exercised over it by the vendee.

LEASE OF PREMISES AS EVIDENCE OF SALE OF GOODS. Where it became an issue whether certain unbaled hay, which had been sold, had passed to the continued possession of the vendee as claimed by him: *Held,* that a lease by the vendor to the vendee of the premises in which the hay was kept was competent and material testimony for the vendee, and that it was error to prevent him from introducing it.

APPEAL from the District Court of the Third Judicial District, Washoe County.

This was an action of replevin brought against W. S. Edwards and C. A. Comstock, constable and deputy constable of Reno Township, Washoe County, to recover the property referred to in the opinion, alleged to be of the value of two thousand six hundred and forty dollars. It appears that this property, which was at the time on what was known as the "Boynton Ranch" at the Truckee Meadows, in Glendale Township, Washoe County, was seized on November 10th, 1869, by the defendants under process in certain suits commenced by Black & Bros. and John Larcomb against J. W. Boynton, before a justice of the peace of Reno Township, there then being no justice in Glendale Township. Plaintiff claimed to have purchased the property of Boynton on August 4th, 1869, and to have held continued possession of it since that time. The lease referred to in the opinion was of the Boynton Ranch, executed by Boynton to plaintiff on September 1st, 1869, for the term of one year from date of execution.

*Mitchell & Stone*, for Appellant.

I.  The Court erred in excluding the testimony of J. Gantz for the purpose of proving acts of ownership by plaintiff over the property in dispute after the sale.

II.  The Court erred in excluding the lease offered. (*Sharon* v. *Shaw*, 2 Nev. 289.)

*Haydon & McElvaney*, for Respondents.

I.  In a contest between an attaching creditor and one who is claimed to be a fraudulent vendee, the latter cannot make evidence for himself by proving his own acts and declarations. When he proves a bill of sale, that is full evidence of his *ownership* as between him and his *vendor*, and the *best* evidence. The facts that he may have paid toll on the team; sold some hogs not attached, but included in his bill of sale; sold some hay not attached, and bought some supplies, were facts in no wise proving an immediate delivery, nor an actual and continued change of possession.

II.  The only relevancy the lease could have had was to prove a change of possession of Boynton's ranch, and thus prove a change of the possession of the property described in the bill of sale, which was partly kept on the land all the time, and part of which was kept there only when not otherwise employed; but the lease being given September 1st, 1869, was not evidence of an *immediate* delivery on August 4th, when the sale took place, and was not evidence of a continuous and actual change of possession after the sale, when unaccompanied with evidence that plaintiff had possession during the interim between August 4th and September 1st; nor was it evidence of an actual and continued change of possession after September 1st, as it appears by the evidence that Boynton, after September 1st, continued to reside on the ranch just as he had done before the execution of such lease. An equivocal possession of this kind does not satisfy the statute of frauds. (*Lawrence* v. *Burnham*, 4 Nev. 367.)

By the Court, LEWIS, C. J.:

Upon execution issued by a justice of the peace against the

property of one Boynton, the defendant Edwards, who was the officer of the Court issuing the writ, seized certain property consisting of cattle, horses, wagons and hay, which plaintiff claims was purchased by him from Boynton about one month previous to its seizure by Edwards, and consequently that it belonged to him and not to Boynton at the time of the levy ; and thus is raised the question whether the sale by Boynton to the plaintiff was consummated or perfected by an immediate delivery and continued change of possession of the chattels in question, in accordance with section sixty-five of the statute of frauds.

That a sale had been made by Boynton to Conway seems not to have been questioned, but the defendants endeavored to show that no immediate and continued change of possession of the property had taken place.    To this question all, or nearly all, of the testimony appears to have been directed at the trial ; anything, therefore, tending to establish such change of possession was important to the plaintiff. But we find in the record the statement that he offered to prove by the witness Gantz certain acts of ownership performed by the plaintiff respecting the property after the sale.    The defendant objected to the testimony thus offered, and the objection was sustained.    To this ruling exception was taken, and it is here assigned for error.    Upon what ground the evidence so offered was ruled out, does not appear. Other testimony of a similar character was admitted, and properly so, if it in any wise tended to show a change of possession.    Nothing generally can have a more direct tendency to show a change of possession than the control and management of the property, or acts of ownership exercised by the vendee over it.    It is often the only mode whereby the change can be shown to be continuous.    Surely, if in this case an immediate delivery had been made, (and whether there had or not, was a question upon the evidence in the case for the jury to determine) no better evidence of the continuance of that change could be adduced than proof that the plaintiff assumed the management and control of the property after the sale ; at least, such evidence would tend to prove a continued change of the possession, and that was sufficient to entitle the plaintiff to its introduction, if there were no special objection to it, which does not appear to have been the case here.

The evidence, it is true, may have had no tendency whatever to establish an immediate delivery of the property ; but that it tended to prove a continuance of the change of possession can hardly admit of doubt.    Whether the delivery immediately followed the sale, depended upon and may have been established by other facts to the satisfaction of the jury, and they may have been satisfied from the evidence that such delivery had taken place, and thus all testimony tending to make out a continued change of the possession would be important to the plaintiff; so, for the same purpose, the lease of the premises upon which the property in question was kept may have been important to this case.    Suppose, for example, the hay could not be removed from the premises until baled, and the plaintiff proceeded with reasonable expedition to bale and remove it, which he would be required to do ; doubtless that would be held a delivery of the hay, although from its nature and condition considerable time would be taken to fully accomplish it.    If after such delivery, and before its removal, the vendor leased the premises to the vendee, certainly it would not then be necessary to make any further removal of the property.    The change of possession of the personal property would follow the change in the real estate upon which it was located.    If then the jury were able to find an immediate delivery of any of the property in this case, the lease may have been important to show the continued change of the possession ; for if no lease were made, they may very well have found that the change of possession was not continuous, although there had been an immediate delivery.

The Court erred in ruling out the evidence of the witness Gantz, as well as the lease offered by the plaintiff; hence, the judgment must be reversed and a new trial granted.